### WILLIAM B. MEANS, Appellant, v. GEORGE DE LA VERGNE, Respondent.

1. *Lease, description in, when not void for uncertainty* — Certum est quod, *etc.* — A deed conveying "the dwelling-house now occupied by me, with the usual appurtenances, the well, the smoke-house and garden, together with one-half of the land now in cultivation on the farm now occupied by me, and one-half the orchard and one-half the barn," is not void by reason of its defective description. It sufficiently identified the farm, and parol evidence was proper in order to locate it. Such testimony would not vary or contradict the terms of a written instrument.

### *Appeal from Henry Circuit Court.*

*F. P. Wright*, for appellant.

The failure to fix monuments, or to give corners and distances, does not render a deed void for uncertainty. (Seaman v. Hogeboom, 21 Barb. 406; 4 Ad. & Ellis, 81.)

*Pickerell & Blackford*, for respondent.

I. Parol testimony cannot be resorted to to control the meaning of a deed, or give it a different meaning from that which it carries on its face.

II. The lease was properly excluded on account of the uncertainty of its description. It contains no description, or reference to any description, by which a surveyor could find the premises described therein, or the lot in controversy, not even giving the State and county. The description must be contained in the instrument or its references, express or implied, with such certainty that the locality of the land can be ascertained from it. (Nelson v. Brodhack, 44 Mo. 603.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought ejectment, and founded his right to enter upon a lease which the court held to be void from defect of description. It appears that he had sold his farm near the town of Clinton, upon which he had resided for many years, to one Boyer, and the latter, as part consideration, executed to him a life lease beginning as follows: "This indenture, made this May 3d, 1865, between Jacob Boyer, Sr., of the town of Bryan, county of Williams and State of Ohio, and William B. Means, of the town of Clinton, county of Henry and State of Missouri, witnesseth: that the said Jacob Boyer, Sr., has this day leased to the said William B. Means the following described lands and premises, to-wit: the dwelling-house now occupied by the said Means, its entire use and control, with the usual appurtenances, the well, the smoke-house and garden, together with one-half of the land now in cultivation, on the farm now occupied by the said Means, and one-half of the orchard and one-half of the barn; to have and to hold the same for their use and benefit during the natural life of the said William B. Means and Maria B. Means, his wife," etc.

This lease was not acknowledged, but upon the trial the plaintiff offered the lease and evidence to show that the land, of which he sought to recover an undivided half, was embraced in that part of the farm occupied by him in Clinton, Henry county, Missouri, then under cultivation, and that defendant purchased of said Boyer with notice. The court, however, held that the description of the property sought to be leased was so vague and uncertain that nothing passed by the instrument, and gave judgment for defendant.

In this the court committed error. *Id certum est quod certum reddi potest.* There is no difficulty in locating the premises described by the deed. Applying the description, which is necessary in all deeds, is very different from contradicting or varying the contents of a written instrument. The intent of the lessor is clear — to demise certain fields which were on the farm then occupied by the lessee, who resided in Clinton. Here is no ambiguity, any more than though the property had been designated by the numbers of a lot, or by being bounded on its several sides by A., B. and C. As the lot sued for did not bear the same description, it was necessary to show by parol that it was embraced in the lands so leased, and this was done.

As the case must be remanded, it is proper to remark that the instructions asked at the former trial, in the question of notice, did not conform to our holdings in Maupin v. Emmons, 47 Mo. 304, and other cases there cited.

Reversed and remanded. The other judges concur.