CRITTENDEN WHALEY, Respondent, v. ACANTHUS HINCHMAN, Appellant.

Kansas City Court of Appeals, June 14, 1886.

1. CONTRACT—MAKING OF BY TELEGRAMS.—It is no objection to a contract that it was made by telegrams between the parties. Such contracts meet the requirement of the statute of frauds and are binding.

2. STATUTE OF FRAUDS—WHAT THE MEMORANDUM MUST CONTAIN—SUFFICIENT DESCRIPTION.—To meet the requirements of the statute of frauds, it must appear from the *memorandum* or contract what is the *subject-matter* of the defendant's engagement. If it be land, it must be so described that it may be *identified*. This may be done by reference to an external standard, and need not be in terms explained. Thus, to describe it as the vendor's right in a particular estate, or as the property which the vendor had, at a previous time, purchased from another party, is sufficient. But *the writing* itself should afford the means whereby the identification may be made complete by parol evidence.

APPEAL from Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

*Reversed.*

The case is stated in the opinion.

ADAMS & BOWLES, with WHITSETT & JARROTT, for the appellant.

I. The telegram for plaintiff contained a mere offer, of which the answer by defendant does not show an unqualified acceptance. It was a conditional acceptance of an unconditional offer, and is no contract. *Thomas v. Blackman*, 1 Cal. (28 Eq. Ch.) 312; *Palmer v. Scott*, 1 Russell & Myln (High Ct. Chancery) 394; *Huddleston v. Briscoe*, 11 Vesey, 583; *Eleason v. Henshaw*, 4 Wheaton (U. S.) 225; *Carr v. Duval*, 14 Peters

(U. S.) 83 ; *Taylor v. Ins. Co.*, 9 How. (U. S.) 390 ; *Eads v. Carondelet*, 42 Mo. 117.

II. Acceptance must possess certain fundamental requisites. It must be absolute, unambiguous, unequivocal, without condition or reservation. Pomeroy on Contracts, 86 ; *Gaskorth v. Lord Lowther*, 12 Vesey, 107. The question whether an offer is accepted so as to make it a legal contract, is a question of law. A contract which is legal is so in both courts of law and of equity. But the remedy is different. *Potts v. Whitehead*, 5 C. E. Green (20 N. J. Eq.) 55 ; *Matteson v. Scofield*, 27 Wis. 671 ; *Goodale v. Hill*, 42 Conn. 311 ; *Eads v. Carondelet*, 42 Mo. 113.

III. The court's instruction as to the measure of damages was erroneous. Plaintiff paid nothing, nor did he show that defendant had a good title to convey, or that defendant acted in bad faith ; and he was entitled only to nominal damages, if any. Sedg. Dam. 183.

A. Comingo, for the respondent.

I. It will not be presumed that defendant agreed to sell property to which he had no title. Also, it appears from the evidence of Hollaway that he shortly after the acceptance of plaintiff's offer paid defendant $3,250 for the property and received a deed from him therefor on the same day. If it had been necessary to show title in defendant, it would be presumed from these facts.

II. The telegram from plaintiff to defendant and the reply thereto by the latter constitute a valid contract. They were a substantial compliance with the requirements of the statute ; definite as to *parties ?* the *subject-matter ;* the *promise* by both parties ; and the *price* agreed upon. As to the acceptance, it was merely qualified by the supposition that there might have been a previous sale by Williams, and the sale was not dependent on further negotiations. *Matteson v. Scofield,*

27 Wis. 671 ; *Vassar v. Camp*, 11 N. Y. 441 ; *Trevor v. Wood*, 36 N. Y. 307 ; Pomeroy on Contracts, sect. 64.

ELLISON, J.—This action is to recover damages for the breach of an·alleged contract for the sale of a lot and store house thereon, in the town of Pleasant Hill. The plaintiff resided in said town and the defendant resided in Waco, Texas. Plaintiff desiring to purchase the property, which he was at the time occupying as defendant's tenant, sent defendant the following telegram.

"January 20, 1884.

" *To Mayor A. Hinchman, Waco, Texas.*

"I will take your house at three thousand dollars. Answer.                                    C. WHALEY."

The defendant responded in the following telegram :

"WACO, Texas, 24.

" *To C. Whaley, Pleasant Hill, Mo.*

"See J. B. Williams ; if not sold you can have it.

"A. HINCHMAN."

These telegrams composed all the "memorandum or note thereof" in writing there was between the parties.

The petition alleged "that heretofore, to-wit : on the twenty-first day of January, A. D., 1884, the defendant entered into a contract (in writing signed by him) with the above named Crittenden Whaley, plaintiff, as aforesaid, in which said contract defendant Hinchman sold to plaintiff the following described real estate lying and being in the city of Pleasant Hill, county of Cass, and state of Missouri, to-wit: The north twenty-six and a half feet off of lot five, block F, Pacific Railroad addition, at and for the sum and price of $3.000, for which said sum of money defendant agreed to make and deliver to plaintiff a good and sufficient warranty deed to the above described real estate," etc.

The breach of the contract is that defendant did not convey the property. as he is alleged to have

contracted to do. The jury found a verdict for plain-
tiff and the defendant appeals.

Defendant objected to the introduction of the tele-
grams for the reason, among others, that they were
vague, indefinite, and did not describe the land or
house mentioned in the petition. This objection was
overruled. At the close of plaintiff's evidence, and,
also, at the close of the case, the defendant interposed
a demurrer to the testimony, which was overruled.
It is no objection to the contract that it was made
by telegrams between the parties. Such contracts
meet the requirement of the statute of frauds and are
binding. *Trevor v. Wood*, 36 N. Y. 307 ; *Duble v. Batts*,
38 Texas, 312 ; *Wells v. Ry. Co.*, 30 Wis. 605.

But the question decisive of this case is, is the
subject-matter of this contract sufficiently ascertained
in the telegrams to avoid the statute ? I think it is
not.

It must appear from the memorandum, or contract,
what is the subject-matter of the defendant's engagement.
If it be land, it must be so described that it may be iden-
tified. Browne on Statute of Frauds, section 385.

This is the rule, but as to what is a sufficient de-
scription for identification is not so easily determined.
That which is sufficient in some states is not in others.
It is evident that some decisions have been rendered in
bare recollection of the statute ; and there is no question
that the further the departure, the more confused the law.
" The subject-matter may in any case be identified by
reference to an external standard, and need not be in
terms explained. Thus, to describe it as the vendor's
right in a particular estate, or as the property which the
vendor had at a previous time purchased from another
party, is sufficient." Browne on Statute of Frauds, sect.
385.

Admitting the rule, that parol evidence may be
called to the assistance of the description, we still could

not uphold this case without an abandonment entire of the statute.

The writing itself should afford the means whereby the identification may be made complete by parol evidence. This is as far as a construction of the statute should be allowed. It is going farther than was permitted in *King v. Wood* (7 Mo. 389), where the description in the writing was, "all that piece of property known as the Union Hotel property," and was held insufficient. This case is cited with approval in *Ivory v. Murphy* (36 Mo. 541). That description is much more definite and tangible than the one in this case. Here, the description is simply, " Your house." In this there is no clue for identification of the property set forth in the petition. We feel justified in going somewhat beyond the rule stated in *King v. Wood, supra*, where parol evidence might have shown the vendor in that case was the owner of the premises known as the "Union Hotel property," and thereby have made the identification complete ; from the fact that later adjudications in the supreme court have done so. But in doing so, we cannot, as before stated, go the length of supporting the case under consideration.

In *Springer v. Kleinsorge* (83 Mo. 152), a description was held sufficient which described the property as "lots in the subdivision of the Wilson farm," which were sold "at auction sale," "Thursday, October 2, 1879." The description further setting out the lots by number to each purchaser. The court says of this, that description is not as full as it might have been, but as there was evidence of the survey made of the land in which these lots were surveyed off and numbered as sold the parties were enabled to indentify them.

The plaintiff has no case under the statute, and we reverse the judgment. All concur.