Black & Snyder v. Crowther & Andriano.

BLACK & SNYDER, Respondents, v. CROWTHER & ANDRIANO, Appellants.

Kansas City Court of Appeals, April 4, 1898.

1. **Statute of Frauds;** MEMORANDUM. It is sufficient under the statute of frauds that the party to be charged signed a memorandum of the contract.

2. ———: ORAL ACCEPTANCE. If a written proposal contain a sufficient memorandum to meet the requirements of the statute, the acceptance may be oral.

3. ———: WRITTEN CONTRACT: SUFFICIENT DESCRIPTION. A memorandum describing the interest sold as "your joint equity in five and one half acres of land held by you and us," is *held* a sufficient description.

4. **Vendor and Vendee:** BREACH OF CONTRACT: TENDER OF DEED: PETITION: WAIVER. A petition to recover damages for breach of contract for sale of real estate should allege a tender of a deed or some excuse for not doing so, but where the defendant answers and goes to trial, such defect is waived.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED.

H. S. KELLEY for appellants.

(1) Under the alleged contract the making of the deed and payment of the price are interdependent acts. Neither party can sue on the alleged contract without offering to comply on his part, and the grantor must bring a properly executed deed into court and leave it at the disposal of the defendants. 2 Pars. on Cont. 810; O'Riley v. Diss, 41 Mo. App. 191; Butler v. Manny, 52 Mo. 497, at p. 506, and cases cited; Randolph v. Frick, 57 Mo. App. 400; Turner v. Mellier, 59 Mo. 526; Strange v. Crowley, 91 Mo. 287; Egger's case,

122 Mo. 667; Taylor's case, 45 Mo. 80. (2) There was no written contract or memorandum of the contract sufficient to take the contract out of the operation of the statute of frauds. The only writing offered in evidence is simply a proposition or offer to make a contract. Where there is merely a proposition, it must, to constitute a valid agreement, be accepted in writing, but when the party signs the agreement. it then becomes on his part an express undertaking. Ivory v. Murphy, 36 Mo. 542; Anderson v. Trisley, 28 S. W. Rep. (Tex. Civ. App.) 121; Whaley v. Hinchman, 22 Mo. App. 483; Smith v. Scholl, 82 Mo. 215; Scarritt v. Church, 7 Mo. App. 174; Schroeder v. Taaffe, 11 Mo. App. 267; King v. Wood, 7 Mo. 389; Ittner v. Hughes, 133 Mo. 796; Brady v. Rappell, 133 Mo. 545; Herdler v. Stove and Range Co., 136 Mo. 3.

W. K. AMICK and HALL & WOODSON for respondents.

(1) The memorandum sufficiently identified the subject of the agreement. Browne on Stat. of Frauds, sec. 385; Springer v. Kleinsorge, 83 Mo. 157; Moore v. Mountcastle, 61 Mo. 424; Doherty v. Hill, 11 N. E. Rep. 581; Mead v. Parker, 115 Mass. 413; Hurley v. Brown, 98 Mass. 545; Scanlan v. Geddee, 112 Mass. 15; White v. Breen, 19 So. Rep. 59; Sailor v. Gilfillan, 73 Mo. App. 152; Jones v. Boston, Etc., Co., 7 N. E. Rep. 840; 1 Warvell on Vend. 106; Tice v. Freeman, 15 N. W. Rep. 674; Phillips v. Swenk, 13 Atl. Rep. 712; Lente v. Clarke, 1 So. Rep. 569; Blair v. Burns, 8 Pac. Rep. 569; 2 Phil. on Ev., *p. 718 and note 510; Elliott v. Gilchrist, 9 Del. Rep. 383; Arenigo v. New Mexico Town Co., 5 Pac. Rep. 709; R. S. 1889, sec. 5186. (2) The memorandum under the statute of

frauds does not have to be signed by both parties, it need be signed only by the party sought to be charged. Gartrell v. Stafford, 11 N. W. Rep. 732; 1 Warvell on Vend., p. 99; Anderson v. Tinsley, 28 S. W. Rep. 121; Pettibone v. Moore, 27 N. Y. Sup. 455; Ide v. Seiser, 24 Pac. Rep. 695; Cavanaugh v. Casselman, 26 Pac. Rep. 515; Machine Co. v. Smith, 18 Pac. Rep. 641; Justice v. Lang, 42 N. Y. 493; Williams v. Robinson, 73 Me. 194; Martin v. Grimes, 88 Mo. 478; Warren v. Castello, 109 Mo. 343; 8 Am. and Eng. Ency. of Law, 718; Cunningham v. Williams, 43 Mo. App. 629; Jones v. Davis, 21 Atl. Rep. 1035; Hodges v. Kowing, 18 Atl. Rep. 979; Ins. Co. v. Oliver, 2 So. Rep. 445; Durham, Etc., Co. v. Guthrie, 21 S. E. Rep. 952; Love's Ex'r v. Welch, 2 S. E. Rep. 242; Bishop on Cont., sec. 1246.

ELLISON, J.—This action is for damages for breach of contract in the sale of real estate. The trial court gave judgment for defendants and afterward, on plaintiffs' motion, granted a new trial. Defendants have appealed from the order granting the new trial. The action is based on the following writing:

"ST. JOSEPH, MISSOURI, May 23d, 1892.
"*Messrs. Black & Schneider.*

"GENTLEMEN:—At your request we make this proposition to you, for your joint equity in five and one half acres of land held by you and us; first we will take eight hundred dollars in cash for our equity as it now stands, you to assume all obligations. Second, we will give eight hundred dollars in cash for your equity, we to assume all obligation. An immediate reply is desired.               Respectfully,
                    "JOSEPH ANDRIANO,
                    "GEORGE C. CROWTHER."

The plaintiffs verbally accepted the second proposition contained in the writing.

1. It is sufficient compliance with the statute of frauds that the party to be charged

STATUTE of
frauds: memo-
randum.

signed the contract or memorandum thereof. Mastin v. Grimes, 88 Mo. 478; Cunningham v. Williams, 43 Mo. App. 629.

2. But it is contended that the foregoing paper is not a memorandum of a contract—that it is merely a proposal and that therefore there should be a written acceptance so that there would be a written memoran-

——: contract:
proposals: ac-
ceptance.

dum of the whole contract, it taking an acceptance of a proposal to make a contract. We understand the law to be against defendants' contention. If the written proposal contains sufficient memoranda to otherwise meet the requirements of the statute, the acceptance may be oral. Waterman, Spec. Perf., sec. 137; 1 Reed, Stats. Frauds, sec. 391; Browne, Stat. Frauds, sec. 345a.

3. One of the principal questions presented by counsel is whether the written paper is sufficiently definite and certain as to description of property as to be valid under the statute of frauds. An examination

——: written con-
tract: sufficient
description.

of cases in this and other states will disclose a great lack of harmony in the application of the rule which is fairly well agreed upon. The rule may be stated thus: The land need not be fully and actually described in the paper so as to be identified from a mere reading of the paper. But the writing must afford the means whereby the identification may be made perfect and certain by parol evidence.

It is apparent that quite a little change in the wording or phraseology of a writing will make a great and important difference in the means the writing will afford for parol identification. In Whaley v. Hinch-

man, 22 Mo. App. 483, we held the words "your house" contained in a proposition of purchase was not a sufficient compliance with the statute as a contract for the purchase of, "the north twenty-six and a half feet off of lot five, block F. Pacific Railroad addition" in the city of Pleasant Hill, Cass county, Missouri. In that case it was conceded that the proposition was for the purchase of real estate and we saw no means of identifying from the paper the particular real estate or the quantity. Certainly there was nothing in it to suggest how many feet was to be taken off of a certain lot in Pleasant Hill. In the case before us the paper is much more certain and greatly more suggestive of just what the subject-matter of the thing contracted for is. The paper reads that the signers will give $800 in cash "for your joint equity in five and one half acres of land held by you and us." We do not say it would make any difference, yet it would be a far fetched assumption, to state that the parties held a joint equity in more than one five and one half acre tracts. Unless we assume that they did, parol testimony can identify, from the means afforded by the paper, the particular land mentioned. Extrinsic evidence can apply the description to the proper land by following the suggestions contained in the paper and without any other aid. We therefore think the contract a sufficient compliance under the statute to maintain the action. Springer v. Kleinsorge, 83 Mo. 152; Tice v. Freeman, 30 Minn. 389; Lente v. Clark, 22 Fla. 515; Sailor v. Gilfillan, 73 Mo. App. 152.

In Phillips v. Swank, 120 Pa. St. 76, the description in the writing was: "I do hereby agree that Jonathan Phillips shall have the land which he is in possession of now for the labor he done for me," etc. It was held sufficient. The court said: "Nor do we regard the case as coming within the statute of frauds.

It is true, a written contract, in order to comply with the statute, must be in some sense self-sustaining. 'It would be mere folly,' as was said in Morris v. Stephens, 46 Pa. 200,'to make a conveyance to my next door neighbor, or to the person now sitting at the table with me, by this description, instead of by name; the law could hardly be expected to enforce such a conveyance in the face of the statute which requires conveyances to be in writing and to be self-sustaining, with the exception only of such necessary uncertainty as is involved in their application to persons named and things described.' There is, as intimated in the language of the case referred to, a necessary uncertainty in writings, involved in their application, not only to persons but to things described therein. If there are two or more persons of the same name, it may be necessary by parol proof to fix the identity of the person intended, or the thing concerning which the parties propose to contract may be described in such general terms as to require parol proof to identify the particular subject of the contract. It is quite impossible in most cases so to describe land as to avoid the necessity of parol proof for its identification; for, whether it be described by metes and bounds, by monuments erected upon the ground, or by adjoiners, its identification necessarily becomes the subject of parol proof. In this instance, the lands agreed to be conveyed were described as the land of which Jonathan was at the time in the actual occupancy and possession; this was no more open to the objection stated than if it had been described by its adjoiners, or by marks upon the ground."

4. It is objected that the petition fails to allege a tender of a deed and that no deed was prepared and tendered or deposited in court. In cases of this nature the delivery of a deed and payment of the money

VENDOR and vendee: breach of contract: tender of deed: petition: waiver.

agreed are concurrent acts. The tender or offer of a deed may be conditioned on the payment of the price agreed to be paid at the time the deed is to be delivered. The petition should allege an offer of a sufficient deed upon payment of the price. Waterman, Spec. Perf., secs. 443, 444. Or it should allege some excuse for not doing so, such as that the other party repudiated the contract, in which event no offer of performance by the plaintiffs is necessary. Deichmann v. Deichmann, 49 Mo. 107; Waterman, Spec. Perf., secs. 450, 446; Mastin v. Grimes, 88 Mo. 478. Whatever defect may exist in the petition in this respect was waived by answering and going to trial.

The result is that we affirm the order of the trial court granting a new trial. All concur.