A. J. WILCOX, Appellant, v. FRANK SONKA,
Respondent.

Kansas City Court of Appeals, May 17, 1909.

1. **VENDOR AND VENDEE:** Statute of Frauds: Description:
Sufficiency. A description of land sold as "my farm of 160
acres in Lynn county, Texas," is held on its face to be a suf-
ficient description to take it without the Statute of Frauds,
since it marks the owner and the character of the thing owned
and the quantity and the political subdivision of the State
where found, and a surveyor without the aid of other means
than those the description provides could accurately locate
the land by reference to the public records.

2. ——: ——: ——: ——: Evidence. However facts on
the trial may develop which would compel the court to hold
the description bad but on its face the contract is good.
[Cases distinguished.]

Appeal from Polk Circuit Court.—*Hon. Argus Cox,*
Judge.

REVERSED AND REMANDED.

*Rechow & Pufahl* for appellant.

Plaintiff's petition stated a good cause of action.
The contract was not within the Statute of Frauds; the
description was sufficient; parol evidence was admissible
to identify the land.   Means v. La Vergne, 50 Mo. 343;
Shewalter v. Pirner, 55 Mo. 230; Charles v. Patch, 87
Mo. 466, and cases cited on page 467; Hammond v. John-
ston, 93 Mo. 214, point 4; Bishop on Contracts, sec. 376;
Hodges v. Kowing, 58 Conn. 12, 18 Atl. 979; Black &
Snyder v. Crowther & Adrian, 74 Mo. App. 480.

*C. H. Skinker* for respondent.

A contract for the sale of land must either describe
the land so that the same can be identified from the
terms used in the contract or the contract must refer

to external standards of description which definitely point out and describe the land to be conveyed. The contract sued upon wholly fails to do this and was therefore within the statute of frauds and void and defendant's demurrer was properly sustained. King v. Wood, 7 Mo. 389; Fox v. Courtney, 111 Mo. 147; Ringer v. Holtzen, 112 Mo. 519; Whaley v. Hinchman, 22 Mo. App. 483; Weil v. Willard, 55 Mo. App. 376; Hain v. Burton, 118 Mo. App. 577.

JOHNSON, J.—Action to recover damages resulting to plaintiff from the breach by defendant of a contract for an exchange of farms. The petition alleges that the parties entered into the following contract in writing:

"Article of agreement made this the first day of April, 1908, by and between A. J. Wilcox of Pleasant Hope, Mo., party of the first part, and Frank Sonka of Bolivar, Mo., party of the second part, witnesseth: That we the parties to this contract have this day traded farms on the terms hereinafter mentioned, I, A. J. Wilcox, party of the first part, hereby agree to trade my farm of 160 acres in Lynn County, Tex., for 60 acres in Polk County, Mo., situated near Bolivar, Mo., lying near the southeast corner of the city limits of the town of Bolivar, Mo. And A. J. Wilcox, party of the first part, further agrees to pay Frank Sonka of the second part a cash difference of $500. Each party to this contract agrees to furnish and deliver to the other a good warranty deed and abstract showing a clear title. And the said A. J. Wilcox further agrees to warrant this land to be smooth land and lay comparatively level. It is further agreed that if either party fails to comply with the terms of this contract, the party failing to fully comply with the terms of this contract will forfeit to the other the sum of $500 as liquidated.

"A. J. WILCOX,
"FRANK SONKA."

Defendant demurred to the petition on the grounds, first, that it did not state facts sufficient to constitute a cause of action and, second, "because the contract upon which said petition is founded is void on its face." The demurrer was sustained by the court, plaintiff elected to stand on the petition, refused to plead further, and brought the case here by appeal from the judgment rendered against him.

The only point urged by defendant against the petition is that the written contract pleaded discloses on its face that it is void under the statute of frauds because of the insufficient description therein of the land plaintiff undertook to convey. The land is described as "my farm of 160 acres in Lynn county, Texas." This description was definite enough to satisfy the requirements of the statute of frauds under the accepted rules applied in cases of this character. [Means v. La Vergne, 50 Mo. 343; Shewalter v. Pirner, 55 Mo. 218; Charles v. Patch, 84 Mo. 450; Hammond v. Johnston, 93 Mo. 198; Black v. Crowther, 74 Mo. App. 480; Hodges v. Kowing, 18 Atl. 979; Bishop on Contracts, 376.] We said in Black v. Crowther, supra, "An examination of cases in this and other States will disclose a great lack of harmony in the application of the rule which is fairly well agreed upon. The rule may be stated thus: The land need not be fully and actually described in the paper so as to be identified from a mere reading of the paper. But the writing must afford the means whereby the identification may be made perfect and certain by parol evidence." The description in that case was "for your joint equity in five and one-half acres of land held by you and us." We held the description sufficient and pointed out the essential differences between it and the description in Whaley v. Hinchman, 22 Mo. App. 483, which we held to be insufficient.

We think the writing in the present case affords the means whereby the identification of the land may be

made certain and, therefore, that the maxim *"certum est quod certum reddi potest"* has application. The term "my farm" embodies the assertion of ownership, a fact that usually may be verified by record evidence. "160 acres" states the quantity; "Lynn county, Texas," points out the political subdivision where the fact of ownership and the exact location and description of the land may be ascertained from the public record. Certainly a surveyor with this contract in his hand, and with the aid of no other means than those it provides, could go to Lynn county, Texas, and accurately locate the land, if plaintiff, in fact, is the owner of a farm, such as that described. Of course it is possible, as the argument of counsel for defendant suggests, that facts may exist which when proved would compel the court to hold the description bad. Thus, if plaintiff owned two farms in Lynn county, Texas, of one hundred and sixty acres each, or if he owned but a single farm of five hundred acres, the description in the contract under consideration would be insufficient, because it would be impossible in such cases to ascertain from the means afforded in the contract itself, the particular farm or tract intended to be conveyed. But such possibilities do not make the contract bad on its face. It implies by its terms that plaintiff owns but one farm in that county, and that the farm contains one hundred and sixty acres. These facts essentially differ from those considered by us in Whaley v. Hinchman, supra, where the description was "your house" and in Hain v. Burton, 118 Mo. App. 577, where it was "my Callaway farm." We repeat the observation we made in Black v. Crowther, supra, "that quite a little change in the wording or phraseology of a writing will make a great and important difference in the means the writing will afford for parol identification." The difference in the wording of the contract before us from the wording in the contracts in the cases last mentioned, as well as in that in the case of Weil

v. Willard, 55 Mo. App. 376, decided by the St. Louis Court of Appeals, is apparent and vital.

The judgment is reversed and the cause remanded. All concur.