Wells vs. Milwaukee and St. Paul Railway Company.

WELLS VS. MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

*Contract—Evidence.*

The defendant company telegraphed to plaintiff, that it " wanted ballasting done from B. to M.," for which it would pay at a certain rate per cubic yard, and plaintiff telegraphed back accepting the proposition.

A written proposition by the plaintiff to "do all the train work required by the company for the grading of the depot, side-track etc., in the city of M.," at a certain price per cubic yard, was also accepted by the company. *Held*, that the contracts were unambiguous, and were for so much ballasting and grading respectively at the places named, *as the company should wish to have done*; and parol evidence offered by plaintiff that a specific amount of such ballasting or grading was required at either place to *complete the work or render the road serviceable*, and that he was prevented by the company from doing such work, to his damage, was properly rejected.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff, *Wells*, brought his action to recover damages alleged to have accrued to him on account of loss of profits on certain contracts for ballasting defendant's road between Brookfield and Milwaukee, and for grading its depot grounds in Milwaukee, defendant having ordered the work discontinued. It appeared in evidence that the contract constituting the first cause of action was made by telegraph, the defendant company having sent the plaintiff the following dispatch : "We want ballasting done from Brookfield to Milwaukee and will pay you forty-five (45), and no more. Will you do it. Answer quick." To this dispatch plaintiff replied accepting the proposition, when he received the following additional dispatch from the company: "You can have the work and want you to commence immediately. You can get what men you require from those now on the line. I want to see you on your arrival. By which road will you come." These dispatches were sent by the general manager of the company, with full authority therefor. Plaintiff immediately entered upon the work and continued until stopped by defendant's order, when he had ballasted about one-half the distance between the two points. Plaintiff then offered to prove the amount of ballasting still necessary to make the line serviceable, and the profits which he would have made thereon had he been permitted to complete the work, but the testimony was rejected, the court holding that the contract was to do only such work as defendant

might request, and that defendant could stop the work when it pleased. Plaintiff then offered to prove by parol that the ballasting referred to was the ballasting of the entire line between Brookfield and Milwaukee; that it was so mutually understood by both parties; that the entire line needed and required ballasting, and various other offers of a like nature, all of which were objected to and the objections sustained.

Plaintiff, to maintain his second cause of action, produced in evidence the following letter written by himself to the chief engineer of construction of the defendant company: " I hereby propose to do all the train work required by the Milwaukee and St. Paul Railway Company for the grading of the depot grounds, side tracks, etc., in the city of Milwaukee, for thirty cents per cubic yard, measured in excavation (the railway company furnishing motive power and cars free of expense) and keep out of the way of all passing trains, and also of all freight trains, unless twenty minutes or more behind time, in which case the gravel train shall have the right to move out and dump, always stationing a man with a red flag at a sufficient distance from pit to warn the approaching train." To this letter plaintiff received the following reply: " Your proposal of this date for grading the company's depot grounds at Milwaukee, will be accepted, and contract entered into, at the rate and on terms named in your proposal, and you are hereby authorized to make the necessary arrangements for doing the work." Under the contract thus made plaintiff entered upon the work, and had partially graded the depot grounds, when he was stopped by the defendant. Plaintiff then offered to prove substantially the same points with relation to the work included in his second cause of action that he had offered as to the first, but the evidence was objected to, and the objection was sustained. Verdict for defendant, and a new trial being refused, plaintiff appealed.

*Emmons & Hamilton*, for appellant.

*John W. Cary*, for respondent.

COLE, J.  In respect to the first cause of action, we fully agree with the court below, that the contract contained in the telegraphic dispatches was a conditional one—to do such ballasting from Brookfield to Milwaukee, at the price proposed, as the company might desire to have done, and that no particular amount of work was agreed upon.  According to this view of the contract, the company could stop the work when it pleased. The plaintiff contends that those dispatches show that he was to do all the ballasting which might be necessary in order to render the defendant's road serviceable between these two points.  But we do not so understand them.  These dispatches, though brief, as such correspondence usually is, are still free from ambiguity.  The first one informs the plaintiff that the company wants ballasting done from Brookfield to Milwaukee, for which it will pay a given sum.  The plaintiff accepted this proposition.  No amount of ballasting is specified.  But whatever the company wanted done the plaintiff agreed to do at forty-five cents per cubic yard.  It appears to us that this is all there is of the contract as contained in these dispatches, and the plaintiff relies upon them to show what the contract was. The dispatches being free from ambiguity, and showing that no definite amount of work was to be done, but only so much as the company might desire, it is very plain that parol evidence was inadmissible for the purpose of proving that the plaintiff was to do all the ballasting necessary to render the road serviceable.  The counsel for the plaintiff only contends that such evidence would be admissible if the dispatches are indeterminate in themselves to show what amount of work was contemplated to be done.  But to show by parol evidence, as it was proposed to do on the trial, that each party to the contract " contemplated the entirety of the work referred to," would be to introduce terms into the agreement at variance with the written dispatches. For, as we have already remarked, these dispatches, though brief, are intelligible and show that the plaintiff was to do only so much ballasting as should be required on that piece of road

by the company.    No explanation of the contract was necessary or permissible.

The writings in regard to the second contract are equally plain.    That related to the grading of the depot grounds in the city of Milwaukee.    The written proposition of the plaintiff was to do all the train work, required by the company for the grading, upon the terms proposed.    There was no amount of grading specified, and none agreed upon.    The fair implication is, that he was to do what the company wanted done.    And the effect of the oral evidence was to add new conditions to the proposition which was made by the plaintiff and accepted by the company.    According to this proposition, no specific amount of grading was to be done, and parol evidence tending to show that any given amount was contemplated would be inadmissible, under the same rule as in the former case.    The presumption is, that the writings in both instances express the intention of the parties, and parol proof was not admissible to introduce new conditions into the contract.    These principles are elementary, and are not controverted on either side.    Counsel differ as to the application of them to the writings before us.    But, as the writings are plain and unequivocal, they must be assumed to express the real intention of the parties.

*By the Court.*—The judgment of the circuit court is affirmed.