GEORGE SANDFORD AND MATTHEW B. CURTIS, Appellants, *v.* JOHN TREMLETT, J. T. SPENCER, AND JOSEPH W. SIMMONS, Respondents.

1. *Corporations — Seal — Evidence.*— The common-law doctrine that corporations can do no act except by writing, duly attested by the corporate seal, appears to be greatly relaxed in England by the recent decisions, and in this country to be almost if not entirely repudiated. But the law still seems to be well settled that the common seal of a corporation is to be taken as the only proper evidence of its act in all cases where a seal would be required if the instrument is to be executed by an individual.

2. *Lease — Assignment — Formalities required.*— It is not requisite that the assignment of a lease made by a corporation should possess the characteristics of a deed. Being a note in writing, signed by the agent of the corporation, authorized in the manner required by law, it is clearly within the terms of the act concerning frauds and perjuries, and must be considered competent evidence to show a transfer of the leasehold.

3. *Lease — Transfer — Individual — Corporation.*— An individual holding such a lease could transfer it without the formalities of a deed, and nothing more ought to be required of a corporation.

*Appeal from St. Louis Circuit Court.*

The testimony of a witness for the appellants showed that during the year 1864 he was recording secretary of the Western Seamen's Friend Society; that the affairs of the society were conducted by an executive board, consisting of the president, vice-president, secretaries, treasurer, auditor, and directors; that on September 20, 1864, the following resolution was adopted by the executive board: "*Resolved*, that the corresponding secretary of the Western Seamen's Friend Society be and is hereby authorized and empowered, in the name and in behalf of said society, to assign and transfer to ———— a certain lease made to said society by Peter Lindell, of St. Louis, dated June 1, 1853, and for property in said St. Louis;" that this resolution was recorded in the proceedings of the board; that R. H. Leonard was the cor-

responding secretary of the society; that the name of the party to whom the assignment was to be made was omitted from the resolution because Leonard had not determined definitely upon the assignee; that the assignment was subsequently made and executed by the Western Seamen's Friend Society, by R. H. Leonard, its corresponding secretary.

The appellants put in evidence also the lease from Lindell to the society. They then offered in evidence the following assignment of the lease:

"Know all men by these presents: That in consideration of the sum of thirteen hundred dollars paid by Sandford & Curtis, the Western Seamen's Friend Society does hereby assign, transfer, and set over unto the said Sandford & Curtis, a certain lease made by Peter Lindell to said society, which lease is dated June 1, 1853, and which said lease is hereto annexed. And for the consideration aforesaid, the said Western Seamen's Friend Society does hereby assign, transfer, and set over all and each of the covenants in said lease contained, together with all the rights and privileges granted in the said lease, unto the said Sandford & Curtis, to have and to hold the said lease, said covenants, and said rights and privileges, unto the said Sandford & Curtis, and to their heirs and assigns forever.

"In witness whereof, the said Western Seamen's Friend Society doth hereto set its seal, and subscribe its name hereto, by its agent duly authorized.          WESTERN SEAMEN'S FRIEND SOCIETY,

"[L. S.]                     By R. H. LEONARD, *Cor. Sec'y.*"

The defendants objected to the introduction in evidence of this assignment, on the ground that it was not made by the said Western Seamen's Friend Society or by any one duly authorized to make the same; and further, that said writing was not competent evidence in the cause. The court sustained the objection and excluded the assignment.

The remaining facts pertinent to this case appear in the opinion of the court.

*Glover & Shepley,* and *Krum, Decker & Krum,* for appellants.

I. The last clause of the constitution of the Western Seamen's Friend Society, authorizing its executive board "to do such other business as the interests of the society may require," included the power to dispose of real estate.

II. The executive board appointed the recording secretary as their agent to represent the society, and for it to transfer the lease ; and in the absence of positive prohibition in the constitution, the board had full power to so appoint one of their own number. (Ridgway v. Farmers' Bank, 12 Serg. & R. 256 ; Hickur v. U. S. Bank, 8 Wheat. 355 ; Merrick v. Trustees, etc., 8 Gill., Md., 59.) Nothing beyond the fact of his having been named and appointed by a resolution of the board was needed to give the agent complete authority. (Randall v. Van Vechten, 19 Johns. 65 ; Bank of Columbia v. Patterson, 7 Cr. 299 ; Lathrop v. Bank of Scioto, 8 Dana, 115 ; Wright v. Lankton, 19 Pick. 290 ; Banks and Dauphin Co. v. Meyers, 6 Serg. & R. 16.) And having been duly appointed, the agent acted within the scope of his authority, and executed a transfer of the lease which fully conveyed the society's interest. (Bank of Columbia v. Patterson, 7 Cr. 299 ; Sheutze et al. v. Bailey et al. 40 Mo. 69.)

III. The assignment was legally executed in the name of the society by its duly authorized agent. The absence of a corporate seal, other than a mere scroll, does not invalidate the instrument. (Bank of Columbia v. Patterson, 7 Cr. 299 ; Buckley v. Briggs, 30 Mo. 452 ; Ang. & Ames on Corp., 8th ed., § 237, a, cases cited.) Even if the seal of the corporation, other than a scroll, is deemed essential, the scroll affixed by the agent must be presumed to be the seal of the corporation until the contrary has been shown. (Phillips v. Coffee, 17 Ill. 154 ; Mill Dam Foundry v. Hovey, 21 Pick. 417.)

*Knox & Smith*, for respondents.

I. There is no evidence of a legal transfer or assignment of the lease to plaintiffs. (Ang. & Ames on Corp. §§ 219, 223, 225, 236, 238, 295.)

II. R. H. Leonard had no legal authority to execute the paper offered in evidence.

Sandford et al. v. Tremlett et al.

III. Said alleged assignment is not the act and deed of the lessee in the original lease.

FAGG, Judge, delivered the opinion of the court.

We are limited by the record in this case to the consideration of only one question. The Western Seamen's Friend Society, claiming a leasehold estate in certain property situate in the city of St. Louis, made an assignment, in writing, of the lease to the appellants, through an agent appointed by an executive board. Suit was thereupon instituted against the respondents, who were in possession of the property, by an action of ejectment.

The proof shows that this society was incorporated by an act of the Legislature of the State of Ohio. Its general objects and purposes, as stated in the charter, were for " disseminating moral and religious instruction and other charities among sailors and boatmen doing business on our Western waters," with full power and authority " to acquire, possess and enjoy, sell, convey and dispose of, property—real, personal, or mixed." The lease was for a term of twenty-six years and nine months, commencing from the first day of June, 1853. The assignment bears date September 20, 1864.

It was shown that all the business of the society was transacted through the intervention of an executive board, chosen in the manner provided for by the constitution. The board, by resolution duly entered of record, authorized the transfer of the lease in question, and designated the corresponding secretary of the society as its agent for that purpose. The assignment is made in writing by the person appointed for the purpose, and the word " seal," with a scrawl around it, is attached to the signature. It purports on its face to be subscribed by the society, with its seal attached, although actually signed in the manner before stated. The introduction of this paper being objected to at the trial as incompetent, it was excluded by the court, and the plaintiff submitted to a non-suit.

It is not necessary to discuss the question of the power of this corporation to acquire and hold such real estate as might be necessary to its efficiency in carrying out the objects of its creation.

Such a power seems to have been intended by the terms of the charter. The power also to transact its business through the general agency of an executive board cannot be questioned.

The prescribed duties and functions of this board, if consistent with the terms of the charter and not in conflict with the laws of the land, are to be taken, when properly performed, as the acts of the society itself.

The authority of the corresponding secretary being sufficiently shown by an attested copy of the proceedings of the board, it remains only to be seen whether the paper which he executed is to be taken as competent evidence of the transfer of the society's interest in this property. The common-law doctrine that corporations can do no act except by writing, duly attested by the corporate seal, is said to be greatly relaxed in England by the recent decisions, and in this country almost if not entirely repudiated. (Taylor's Landlord and Tenant, § 127.) However that may be, we think it has no application in the case at bar. The law still seems to be well settled that the common seal of a corporation is to be taken as the only proper evidence of its act in all cases where a seal would be required if the instrument is to be executed by an individual. Or if it has no common seal, and should adopt one for the time being, that would be sufficient when coupled with proof of that fact as well as the authority. of the person acting for the corporation to use it.

But this instrument required no such attestation to establish its validity. It is not requisite that it should possess the characteristics of a deed. Being a note in writing, signed by the agent of the corporation, authorized in the manner required by law, it is clearly within the terms of the second section of the act concerning frauds and perjuries, and must be considered competent evidence for the purpose for which it was introduced. An individual holding such a lease could transfer it without the formalities of a deed, and nothing more ought to be required of a corporation. (R. C. 1855, pp. 806–7.)

The judgment of the Circuit Court must be reversed and the cause remanded. The other judges concur.