THE CITY OF KANSAS v. THE HANNIBAL & ST. JOSEPH RAIL-ROAD COMPANY, *Appellant.*

1.  **Record of Deed**: SEAL OF OFFICER. Where a record of a deed shows a scroll affixed to a notary's certificate of acknowledgment, it will be admissible in evidence, though there is no recital either in the body of the certificate or in the testimonium clause thereof that the certificate is given under seal.

2.  **Corporation Deed**: FORM OF SIGNATURE: SEAL: ACKNOWLEDGMENT. The granting clause of a deed, the record of which was offered in evidence, was as follows: " Know all men by these presents, that the W. K. Land Company, by S. H., President, and T. S. C., Secretary,    *    *    has granted," etc. The attestation clause and

OCTOBER TERM, 1882.    181

The City of Kansas v. The Hannibal & St. Joseph Railroad Company.

signatures were as follows: "In witness whereof, we hereunto sub-scribe *our* names and affix *our* seals." (Signed) "S. H., President, (Scroll); T. S. C., Secretary, (Scroll); W. K. Land Company, (Scroll)." The certificate of acknowledgment stated that S. H., Pres-ident, and T. S. C., Secretary, "acknowledged that they executed and delivered the same as their voluntary act and deed." *Held,* that the deed was the deed of the corporation. The form of signa-ture did not make it the individual deed of S. H. and T. S. C.; and one of the seals appearing on the record would be presumed to be the seal of the corporation.

HOUGH, C. J., and HENRY, J., dissented on the ground that the deed was not sealed with the common seal of the corporation and was not acknowledged to be the act of the corporation.

3.   Taxes: ASSESSMENT AS EVIDENCE OF OWNERSHIP. Where a statute provided that the tax-book should be received as evidence of all the facts stated therein, *Held,* that in a suit against H., grantee of J., to enforce the lien of certain taxes, the assessment of the property to J. would be evidence of the ownership of H.

4.   Practice: EVIDENCE. This court will not consider an objection to evidence not made at the trial.

5.   Taxes: ACTION TO RECOVER: PROPER DEFENDANT: JUDGMENT AGAINST THE LAND. In a proceeding by the City of Kansas, under its char-ter, to enforce against land a lien for taxes due thereon, all persons having an interest in the land at the commencement of the suit should be made defendants. If any one be made defendant, who has no interest, he must disclaim by answer. But whether he do so or not a judgment for the city would be an error of which he could not complain, since it would be against the land and not against him personally.

6.   ———: KANSAS CITY. Under the charter of Kansas City of 1875, the city has a lien on land for interest accrued on delinquent taxes as well as for the taxes themselves.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON,
Judge.

AFFIRMED.

*Geo. W. Easley* for appellant.

*D. S. Twitchell* and *C. E. Small* for respondent.

NORTON, J.—This suit was brought by the City of Kansas to enforce a lien for taxes on certain lots and blocks of ground in said city for the years 1867, 1868, 1869, 1873,

1874, 1875, 1876 and 1877. All the parties defendant, of whom there were several, made default, except the Hannibal & St. Joseph Railroad Company, and it filed an answer containing a general denial of the allegations of the petition, and also setting up the statute of limitations in bar of plaintiff's right to recover the taxes for the years 1867, 1868 and 1869.

So much of the answer as set up the limitation act was stricken out on plaintiff's motion, to which defendant excepted. In order to avoid further reference to the action of the court in this respect, it may be observed that a determination of the question, whether said defense was or not properly stricken out, is dispensed with, inasmuch as the court found for defendant as to the taxes for the years 1867, 1868 and 1869.

On the trial plaintiff had judgment for the enforcement of its lien for taxes, interest and costs for all the other years mentioned in the petition. From this judgment defendant corporation has appealed, and the chief grounds alleged in the motion for a new trial are, that the court erred in admitting evidence and in refusing instructions asked by defendant.

During the trial plaintiff offered in evidence the record of a quit-claim deed dated June 23rd, 1877, from James

1. RECORD OF DEED: F. Joy and wife conveying to defendant all
seal of officer.     of blocks Nos. 20, 21 and 34, except fifty feet wide off the west side of block 20 on the river front in Kansas City, Jackson county, Missouri. The record of this deed, as well as another conveying certain other lots in Kansas City to defendant, was objected to on the sole ground that the notary's certificate of acknowledgment was not, and did not purport to be, attested by his notarial seal or any seal whatever. The court did not err in overruling this objection. It has been expressly held by this court that when the notary attaches to his certificate his notarial seal it is not necessary that the testimonium clause of the certificate should show that the seal was affixed, or

that it should be stated in the body of the certificate that it was executed under the seal of the notary.   It has also been held that all a recorder is required to do in recording a deed having the official seal of a notary attached to his certificate is to make some proper entry on the record indicating the place or situation of the seal—such for instance as [SEAL] or [L. S.]; *Dale v. Wright*, 57 Mo. 110 ; *Clark v. Rynex*, 53 Mo. 380; *Gray v. Kansas City*, 61 Mo. 378; *Parkinson v. Caplinger*, 65 Mo. 290.   The copy of the record of the deeds offered in evidence and objected to showed that the notarial seal was affixed to his certificate by the usual way of indicating seals—thus [L. S.]

The plaintiff also offered in evidence the record of a deed from the West Kansas Land Company by Solomon

2. CORPORATE DEED: form of signature: seal: acknowledgment.

Houck, President, and Theo. S. Case, Secretary, to James F. Joy, dated October 27th, 1868, conveying to him blocks numbered 20, 21 and 34 in West Kansas City addition No. 1, Jackson county, Missouri.   This deed was objected to on the ground that it had not been acknowledged as the deed of the West Kansas Land Company, but as the deed of Houck and Case; and also on the ground that the corporate seal of said land company was not affixed, but instead thereof the seals of said Houck and Case.

The granting clause in this deed is as follows:

"Know all men by these presents:   That the West Kansas Land Company, by Solomon Houck, President, and Theodore S. Case, Secretary,      *      *      has granted *      *      "

The attestation clause and signatures are as follows :

" In witness whereof we hereunto subscribe our names and affix our seals this 27th day of October, 1868.      )

[SEAL.]

SOLOMON HOUCK, President.  [SEAL.]
THEODORE S. CASE, Secty.   [SEAL.]
W. K. LAND Co."           [SEAL.]

" STATE OF MISSOURI, }
  *County of Jackson.* }

    Be it remembered that S. Houck, President, and Theo. S. Case, Secretary, who are personally known to the undersigned, a notary public within and for said county, to be the persons whose names are subscribed to the foregoing deed as parties thereto, this day appeared before me and acknowledged that they executed and delivered the same as their voluntary act and deed for the purposes therein mentioned.

       Given under my hand this 27th day
[SEAL.]     of October, 1868.

       JOHN R. BALIS,
        Notary Public."

  Reading the acknowledgment in connection with the deed, the signatures and seals, as indicated by the record, we are of the opinion that the trial court ruled properly in holding the instrument to be the deed of the West Kansas Land Company. That company is named as the grantor in the body of the deed, acting by and through Houck, President, and Case, Secretary. The fact that it was not signed West Kansas Land Company by said Houck and Case—but by said Houck, President, and Case, Secretary, West Kansas Land Company—does not make it the deed of said Houck and Case, and it was so held in the case of *Shewalter v. Pirner,* 55 Mo. 218, where a similar question was presented.

  Although it is stated in the testimonium clause of the deed, that " we hereunto subscribe our names and affix our seals," it will be observed that there were four seals to the deed, one opposite the name of Houck, Pres't, one opposite the name of Case, Secretary, one opposite the name W. K. Land Company, and one standing isolated. We think the presumption can be fairly indulged that one of these seals was the seal of the company. Such a presumption can be as fairly indulged, as it is in a case where the record indicates by a scroll attached to the certificate of a

notary that the seal thus indicated is his notarial seal, although he only states in the testimonium of his certificate that he subscribes his name. It is the seal of the notary which gives efficacy to his certificate, as it is the seal of the corporation which gives efficacy to the deed of a corporation. "When the common seal of a corporation is affixed to an instrument and the signatures of the proper officers are proved, the courts are to presume that the officers did not exceed their authority. The contrary must be shown by the objecting party." *St. Louis Public Schools v. Risley,* 28 Mo. 415. "In aid of a certificate of acknowledgment, reference may be had to the instrument itself or any part of it. It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances or the proof of them to be defeated by technical or unsubstantial objections." *Carpenter v. Dexter,* 8 Wall. 513.

It appears from the evidence that the said blocks 20, 21 and 34 included in the said deed from Joy to the Hannibal & St. Joseph Railroad Company, and which plaintiff was seeking to subject to sale for the taxes due upon it, were assessed to said Joy as owner; and it also appears from the 82nd section of plaintiff's charter, (Acts 1875, p. 243,) that this was evidence of Joy's ownership of the property assessed. Had the court, therefore, excluded said deed, plaintiff's right to a judgment would have been unaffected thereby, inasmuch as whatever interest Joy had in said blocks, had been conveyed to the Hannibal & St. Joseph Railroad Company by the deed of said Joy dated June 23rd, 1877, which we have said was properly received in evidence.

*3. TAXES: assessment as evidence of ownership.*

It is also objected that the deed from Joy to defendant corporation conveying blocks 20, 21 and 34 in Kansas City ought not to have been admitted to show title to blocks 20, 21 and 34 in West Kansas addition to Kansas City. No such objection as this was made to the introduction of the deed, and it cannot, there-

*5. PRACTICE: evidence.*

fore, be considered. The only objection to its introduction was that the notary did not affix his seal to his certificate, and so state in the testimonium clause thereof.

Defendant asked and the court refused the following instructions:

2. There is no evidence in the case that defendants are owners of any of the property mentioned in the petition.

3. There is no evidence in the case that defendants, or any of them, are or ever have been owners of blocks 20, 21 and 34 mentioned in the petition, and there can be no recovery for any taxes levied upon said property.

4. Before the plaintiff can recover on account of the taxes on any lot or block mentioned in the petition, it must prove that some one or more of the defendants now is, or has at some time been, owner of such lot or block.

The second and third instructions were properly refused if for no other reason than the fact that the charter, as before stated, declared that the assessment of the property to Joy as owner, should be received as evidence of his ownership.

As to the fourth instruction, it may be said, as it was said in the case of *Seibert v. Allen*, 61 Mo. 488, "that in a proceeding like this it is not easy to determine what importance is to be attached to the ownership of property sought to be charged. No direct adjudication is required as to ownership, and if any were made it would certainly be of no binding force upon those who were neither parties nor privies to the record, and yet a personal defendant seems to be necessary, although under the law no judgment can be rendered against him." Besides this, the statute under which this suit is prosecuted, authorizes parties having an interest in the property at the commencement of the suit to be made parties, and if defendant corporation had no interest in the property sought to be charged, it was not a proper party, and advantage should have been taken of it by answer.

5. TAXES: action to recover: proper defendant: judgment against the land.

If any personal judgment was or could have been rendered against defendant corporation, it might be in a position to complain of any error committed, but as no such judgment was or could be rendered, we are at a loss to perceive how any error committed could affect the defendant if it had no interest in the property sought to be subjected to sale.

It is also insisted that the plaintiff had no legal capacity to sue without averring that the real estate against which the lien for taxes was sought to be enforced, had either been discontinued from sale, or had been sold and bid off by the city, or had become delinquent before March 24th, 1875. Inasmuch as it sufficiently appears from the petition that the taxes for the years 1873 and 1874 were delinquent before the 24th of March, 1875, the objection made is not well taken, even if defendant had put itself in a position to avail itself of such an objection by filing a motion in arrest of judgment, which was not done.

It is also insisted that the judgment is excessive in this, that the court allowed twenty-four per cent interest on the delinquent tax. It is argued that the tax is only declared to be a lien on real estate. We think this argument unsound, and that it is so, is shown by sections 41, 42 and 77 of the charter, pages 231 and 242, Laws 1875. It is provided in section 41 that after taxes become delinquent they shall bear interest at the rate of twenty-four per centum per annum, and that the taxes shall be a perpetual lien on real estate against all persons. It gives the city collector power to collect such taxes by the sale of real estate upon which they are levied; and section 42 requires him to make such sale for and in payment of the total amount of taxes, interest and costs due on such real property. When suits are brought for the enforcement of the lien for taxes, section 77 contemplates that the judgment rendered shall be for the taxes, costs, interest and penalties.

There is no pretense but that the taxes, the payment

of which is sought to be enforced, were properly assessed and levied; and no question as to the fact that they were due and unpaid; and finding no error in the record of which appellant can complain, the judgment is affirmed. in which all concur.

HOUGH, C. J., AND HENRY, J.—We concur in the result arrived at. We are of opinion, however, that the deed of the West Kansas Land Company was not legally executed and was not properly acknowledged. The statute in regard to conveyances by corporations is as follows : " It shall be lawful for any corporation to convey lands by deed, sealed with the common seal of said corporation, and signed by the president, or the presiding member or trustee of said corporation, and such deed, when acknowledged by such officer to be the act of the corporation, or proved in the usual form prescribed for other conveyances of lands shall be recorded in the recorder's office of the county where the land lies, in like manner with other deeds." The deed does not purport to be sealed with the seal of the corporation. The officers signing the deed do not pretend to acknowledge it as "the act of the corporation," but as their act. In *Sandford v. Tremlett*, 42 Mo. 384, it was said: " The law still seems to be well settled that the common seal of a corporation is to be taken as the only proper evidence of its act in all cases where a seal would be required, if the instrument is to be executed by an individual." In *Musser v. Johnson*, 42 Mo. 78, it was said : " If a conveyance of real property, purporting to be the conveyance of a corporation made by one authorized to make it for them, be in fact executed by the attorney or agent in his own name as his own deed, it will not be the deed of the corporation, although it was intended to be so, and the attorney or agent had full authority to make it so." It is well settled that the body of the deed may be referred to in aid of an acknowledgment, but this rule has never been held to mean that we may expunge from an acknowledgment

plain and unambiguous words, which render it defective, and substitute therefor words enough taken from the body of the deed, to make the acknowledgment good. *Lincoln v. Thompson*, 75 Mo. 613. This would be to make an acknowledgment, and not simply to interpret it, by reference to the deed.

*Motion for rehearing overruled.*