HOWARD COUNTY, MISSOURI, v. LEO N. SNELL, Appellant.—161 S. W. (2d) 238.

Division Two, March 13, 1942.

Rehearing Denied, May 5, 1942.

*A. W. Walker* and *William H. Sapp* for appellant.

388

*Irwin, Bushman & Buchanan, Jack H. Denny* and *Thomas E. Denny* for respondent.

WESTHUES, C.—Respondent, Howard County, filed this suit to set aside a quitclaim deed whereby the county had conveyed to the defendant, Snell, an island located in the Missouri river in sections 2, 3, 4, 9, 10 and 11, township 48, range 15, Howard County, Missouri. The deed recited that the land conveyed consisted of seventy-five acres more or less. The trial court entered a decree for plaintiff and defendant appealed.

Plaintiff in its petition alleged nine reasons why the purported deed was void. Most of these concerned irregularities as to the

proceedings leading up to the sale and the deed executed by the county. In addition to the charge of irregularities the petition alleged that by the purported deed the county actually conveyed 260.25 acres of land to the defendant for a consideration of $100; that since the statute prohibits any county to sell such lands for less than $1.25 per acre the deed was void. The petition also charged fraud on part of the defendant, but since the evidence did not suggest any fraud either on part of the county or the defendant this charge will not be further noticed.

The principal contention of the defendant raised by the answer and the evidence in support thereof was, that the defendant bought seventy-five acres and that the deed upon its face recited that it conveyed only seventy-five acres. The quitclaim deed in question was a form of deed ordinarily used by an individual and not adapted for use by a county or a corporation. That fact accounted for a number of the irregularities leveled against the deed. The deed reads as follows, omitting description of land:

"Quit-Claim Deed

"This indenture, made on the 8th day of February, A.D., Nineteen Hundred and Thirty-four, by and between Howard County, Missouri, party of the first part, and Leo N. Snell, of the County of Boone, in the State of Missouri, party of the second part:

"Witnesseth, that the said party of the first part, in consideration of the sum of One Hundred and No/100 ($100) Dollars, to it paid by the said party of the second part, the receipt of which is hereby acknowledged, does by these presents, Remise, Release and forever Quit-Claim, unto the said party of the second part, the following described Lots, Tracts, or Parcels of Land, lying, being and situate in the County of Howard and State of Missouri, to-wit:

"A long narrow island in the Missouri River and being on the Howard County side of the main channel of the said river, located and being in Sections 2, 3, 4, 9, 10 and 11, all in Township 48, Range 15, County of Howard and State of Missouri, and being in all seventy-five (75) acres (and all accretions thereto), more or less.

"Described as follows:

"To have and to hold the same, with all the rights, immunities, privileges and appurtenances thereto belonging, unto the said party of the second part, and its heirs and assigns, forever; so that neither the said party of the first part, nor its heirs, or any other person or persons for it or in its name or behalf, shall or will hereafter claim or demand any right or title to the aforesaid premises, or any part thereof, but they and everyone of them shall, by these presents, be excluded and forever barred.

"In witness whereof, the said party of the first part has hereunto set its hand and seal the day and year first above written.

"(Seal) (Signed) C. R. Biswell
 "Pres. Judge Howard
 County Court

" (On the back:)

"State of Missouri, County of Howard—ss.

"On this 8th day of February, A.D. 1934, before me personally appeared C. R. Biswell, Presiding Judge of the Howard County Court, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that................ executed the same as his free act and deed.

"In testimony whereof, I have hereunto set my hand and affixed my official seal at my office in Fayette the day and year first above written.

 "(Signed) J. H. Gallemore Co Clerk
 "By Roy Roberts, Deputy

" (Seal of Howard County Court, Missouri) "

The description of the land was by metes and bounds and it was admitted that it embodied 260.25 acres. The admitted facts, the evidence on part of the plaintiff and the records of the county court justify the following statement: The island in question began to form in the Missouri river about the year 1929, when a small towhead appeared above the surface of the water. In the year 1934, there were about seventy-five acres of land considerably higher than the balance of the island. This island was covered with willows and cottonwood from two to four years old. Plaintiff approached members of the county court about purchasing the island. The county surveyor, in compliance with a request of the court, made a survey of the island in January, 1934, which survey included all of the land above the water. This survey was reported to the county court and a plat thereof was filed for record. The river was at a very low stage when the survey was made. The surveyor, a witness for plaintiff, testified that the court inquired of him how much land was on the island; that he informed the court there were about seventy-five acres and that the balance was sand-bars. Note his exact language:

"A. There was not anything mentioned about the high land and when I came back I told them I made my survey and there were 260.25 acres in it. . . . I told them there were about 75 acres of *land* that was not *sand*.

"Q. You made your estimate of 75 acres and reported that to the court and they sold him 75 acres? A. I told the court there were practically 75 acres of *high land*."

Judge Biswell, presiding judge of the court, testified that the defendant offered $100 for the seventy-five acres and the court agreed to sell him the land; that Walker Pierce, prosecuting attorney of the county, prepared the deed and Judge Biswell signed it thinking he was signing a deed conveying seventy-five acres of land to the

defendant. ▮▮▮ Judge Biswell testified that the county court was in session when these transactions occurred. The defendant recorded his deed and paid the taxes on the land, it being assessed as seventy-five acres. The next action taken with reference to this island was on December 7, 1938, when the county court made the following order, description of land omitted:

"County Court Order.

"In the matter of an Island formerly sold to Leo N. Snell, and order to tender the amount of purchase price.

"Whereas, on the 8th day of February, 1934, the county court of Howard County, by and through its agent, C. R. Biswell, sold and conveyed to one Leo N. Snell the following described land, to-wit:

"A long narrow island in the Missouri River and being on the Howard County side of the main channel of said river, located and being Sections 2, 3, 4, 9, 10 and 11, in Township 48, Range 15, County of Howard, State of Missouri, and being in all 75 acres (and land accretions thereto), more or less, described as follows:

. . . . . .

"And whereas it has been suggested to the county court of Howard County, Missouri, that said county did not have any right, title or interest whatsoever in said land and that in truth and in fact said land is the property of Mrs. J. E. McGavock, James F. Royston and T. N. Kurtz, now, therefore, it is ordered that if said Leo N. Snell shall deliver a good and sufficient quit-claim deed properly executed conveying said land to the County of Howard or to the above named Mrs. J. E. McGavock, James F. Royston and T. N. Kurtz, the County Court of Howard County, Missouri, will upon good and sufficient proof of said delivery order the county treasurer to issue a warrant upon the County School Fund of Howard County for $100.00, the amount of the purchase price paid by said Leo N. Snell, payable to the order of said Leo Snell.

"It is further ordered that a true copy of this order be served upon said Leo N. Snell by the sheriff of Howard County."

The defendant refused to convey the land as requested in the above order. Up to that time it evidently had not occurred to anyone that any irregularities existed with reference to the sale and deed, or that the description by metes and bounds embraced more than seventy-five acres. But on December 19, 1938, the county court made another order which reads as follows:

"'In the matter of deed of February 8, 1934, to Leo N. Snell. December 19, 1938.

"'The attention of the court having been called to various irregularities in the above deed and of the facts and circumstances surrounding its execution and delivery and the present court being of the belief that said deed is void and that the land therein described is the property of Howard County, the Prosecuting Attorney, Jack

H. Denny, is hereby ordered and directed with the assistance of Lionel Davis and Irwin, Bushman and Buchanan, to file an action in the Circuit Court of Howard County to determine the validity of said deed.

" 'It is further ordered that the recited consideration in said deed, to-wit, $100.00 with interest at the legal rate from February 8, 1934, be deposited in the Circuit Court to be paid Leo N. Snell whenever he will accept the same.' "

The county also made an order offering to refund the amount of taxes which had been paid by the defendant. As to the employment of attorneys to file this suit Judge BISWELL testified as follows:

"Q. Did Mrs. McGavock or her husband or T. N. Kurtz or James F. Royston, anyone or all of them, promise your court if the court would allow them to use the county's name in this suit to set this deed aside that they would pay all the expenses and attorneys' fees and it would not cost the county court anything? A. Yes, sir, that is what I told them."

The evidence showed beyond doubt that the county court intended to convey only seventy-five acres of land to the defendant; that the defendant intended to buy only seventy-five acres and expected no more. All the parties were under the impression that the deed conveyed only seventy-five acres until the matter was closely scrutinized with an eye to finding a defect in the deed. The county surveyor testified that the prosecuting attorney, when he was ordered to prepare the deed, evidently copied the description from the plat or survey the surveyor had filed for record. We need not determine in this lawsuit whether the island contained more than seventy-five acres of salable land, and we express no opinion as to whether the sand-bar was salable. The ▉▉▉ question before us is whether a court of equity, under the circumstances of this case, was authorized to set aside the deed at the county's request. We are of the opinion that the answer must be in the negative. The irregularities upon which the county asks that the deed be canceled and held void were not serious and were of the county's own making. The irregularities, such as the county clerk's failure to note in the record that the county court ordered the land sold and the deed made, were no fault of the defendant. The clerk did make a record of the defendant's payment of $100 as a purchase price for the land. The same is true with reference to the form of the deed. Respondent argues that the acknowledgment did not conform to the law. It is argued that the words, "Pres. Judge, Howard County Court" are only descriptive of the person. In support of its contention respondent cites, among other cases, the dissenting opinion in Kansas City v. Hannibal & St. J. R. Co., 77 Mo. 180, l. c. 188. The principal opinion, however, held that an acknowledgment of that nature was sufficient. The court, at

page 185 of the opinion, quoted with approval the following taken from Carpenter v. Dexter, 8 Wall. 513:

" 'In aid of a certificate of acknowledgment, reference may be had to the instrument itself or any part of it. It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances or the proof of them to be defeated by technical or unsubstantial objections.' "

The county court in this case considered the deed sufficient, when on December 7, 1938, it made an order or record which read in part— "whereas, on the 8th day of February, 1934, the county court of Howard county by and through its agent, C. R. Biswell, sold and conveyed to one Leo N. Snell the following described land to-wit:" thus reaffirming by an order of record that the county had conveyed and sold seventy-five acres of land to the defendant. The county stands in poor grace before a court of equity to ask that a deed be set aside on such minor irregularities especially when they were of its own creation.

Respondent cited many cases and also the statute, section 12754, R. S. Mo. 1939, to the effect that public lands cannot be sold by a county for less than $1.25 per acre. That was conceded to be the law in this case. No one contended otherwise. Defendant claimed to have bought only seventy-five acres and was under the impression that the deed conveyed no more. The county court was under a like impression. Note the evidence of Judge BISWELL in answer to the following questions:

"Q. Judge, at the time you signed that deed, how many acres of land did you think was included of land described in that deed? A. Seventy-five acres. . . .

"Q. You don't remember a discussion about the fact that it had to bring $1.25 per acre? A. I knew it had to bring $1.25 per acre.
. . .

"Q. Now, did all of you agree on that with reference to the sale of this 75 acres of land? A. Well, the court must have agreed or I would not have signed the deed."

In such circumstances the county court was not entitled to have the deed annulled. The record made by the county clerk of the defendant's payment of $100 for the land, together with the deed filed for record, were sufficient upon which to predicate a nunc pro tunc entry of an order of sale. Had the order of sale been spread upon the record, as it was the duty of the county clerk to do, at the time the land was ordered sold it would have been a valid order. This case is unlike the cases discussed and reviewed in Simpson v. Stoddard County, 173 Mo. 421, 1. c. 458, 463, 73 S. W. 700, where the transaction itself was void, for example, the sale of lands by a county for railroad stock. We need not speculate as to what remedy the county might have invoked, such as reformation of the deed to conform with the

real intention of the parties. Such a question is not before us. It is clear, however, that the county is in no position to have the deed canceled. [Simpson v. Stoddard County, supra, 173 Mo. 421, l. c. 463, etc.] After the court reviewed the subject at length it said:

"We take it that it is no longer a disputed question that the doctrine of *laches* applies to a county or other municipal corporation, as well as to individuals."

Laches is only one branch of the subject of estoppel. The motives actuating the bringing of the suit in the name of the county were also tainted. It will be noted that when the question was first presented to the court it sought to have the defendant ▇ deed the land to third parties on the theory that the county never had title. We may ask, if the defendant had complied with that request, would the real parties backing this lawsuit have contended that the quitclaim deed executed by the county passed no title? It will be noted that the record disclosed the suit was brought with an understanding that the third parties claiming the land should bear the expense.

▇ Appellant in his brief asked this court to reverse the judgment of the trial court with directions to enter a decree reforming the deed so as to convey to the defendant seventy-five acres of land as described in his answer. The difficulty with this is that the defendant by his answer did not ask for a reformation of the deed. That question was not presented to the trial court by the pleadings. Such a question may be settled in a proper proceeding. Of course we do not express any opinion on that subject matter. Neither can this court in this case settle the question of whether the island in 1934, contained more than seventy-five acres, or whether the land referred to by the surveyor as sand was land within the contemplation of the law.

It is therefore ordered that the judgment of the trial court be reversed and plaintiff's petition dismissed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.