### H. Gayle RUSSELL and Carolyn K. Russell, Plaintiffs-Respondents,

### v.

### Cloyd E. CARTER and Erma R. Carter, Defendants-Appellants.

#### No. KCD 29063.

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

Harry L. Porter, Marceline, for defendants-appellants.

Michael L. Midyett, Midyett & Shea, Keytesville, for plaintiffs-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

The Circuit Court of Chariton County (sitting without a jury) entered judgment awarding plaintiffs (respondents) specific performance of an "option contract" for the conveyance of real property in Chariton County owned by defendants (appellants).

Appellants' contentions on appeal are threefold: that the trial court erred (1) in ordering appellants to convey to respondents real property whose legal description differed from the legal description contained in the "option contract", (2) in ordering specific performance of the "option contract" in favor of respondents before tender of the purchase price to appellants, and (3) in failing to rescind the "option contract" because of "material mutual mistake".

■ As to appellants' first point, the trial court properly concluded that the description of the real property contained in the "option contract" afforded the means whereby an exact legal description of the real property which was the subject of the "option contract" could "be made perfect and certain by parol evidence." *Black v. Crowther*, 74 Mo.App. 480, 483 (1898). See also: *Blankenship v. Porter*, 479 S.W.2d 409, 412–13 (Mo.1972); *Herzog v. Ross*, 355 Mo. 406, 196 S.W.2d 268, 270 (banc 1946), citing with approval *Black v. Crowther*, supra; and *Ranck v. Wickwire*, 255 Mo. 42, 164 S.W. 460, 465 (1914). Unobjected to parol evidence perfecting and making certain the description of the real property contained in the "option contract" was presented to the trial court and relied upon by it as evidenced by the legal description set forth in the judgment awarding respondents specific performance.

■ The gravamen of appellants' second point is that the trial court erred in awarding specific performance before the purchase price had been tendered by respondents to appellants. The judgment entered by the trial court, among other things, specifically decreed that "certain obligations and conditions" imposed upon appellants by the "option contract" were to be met and performed by them before respondents were obligated to pay the purchase price. The trial court properly concluded, in view of the terms of the "option contract", that tender of the purchase price by respondents to appellants was not a condition precedent to the judgment for specific performance in favor of respondents. *Gulf Oil Corporation v. Ferguson*, 509 S.W.2d 1, 5 (Mo.1974).

■ Appellants' third and final point, that the trial court erred in not rescinding the "option contract" because of "material mutual mistake", bespeaks of relief which was never raised by appellants' pleadings nor otherwise requested at the trial court level. Relief which has never been sought or requested at the trial court level will not be countenanced or entertained for the first time on appeal. *Howard County v. Snell*, 349 Mo. 386, 161 S.W.2d 238, 243 (1942), *rev'd on other grounds*; and *Kelley v. Schnebelen*, 545 S.W.2d 332, 337 (Mo.App. 1977).

Having concluded that no error of law appears, that the judgment of the trial court is supported by substantial evidence, and that it is not against the weight of the evidence, the judgment entered by the trial court is affirmed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

All concur.