**STOCHL AND COMPANY, INC.,**
**Plaintiff-Respondent,**

v.

**William WIELAND, Jurldean Wieland,**
**and Nora Wieland,**
**Defendants-Appellants.**

No. 47989.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Edward C. Schneider, St. Louis, for defendants-appellants.

Leigh Hunt Greenhaw, Clayton, for plaintiff-respondent.

STEPHAN, Judge.

Defendants Wieland appeal from a judgment ordering specific performance of an agreement to convey certain real estate. We affirm.

In April 1966, defendants leased the property, which is located in Oakville, St. Louis County, to Texaco, Inc. Under the provisions of the lease agreement, the lease would commence upon completion of certain improvements and alterations. Accordingly, the actual commencement date of the lease was April 19, 1967. The initial term of the lease was ten years with the option to the lessee to renew for one or two additional five year periods. Toward the end of the ten year base period, Texaco renewed for an additional five years, thus extending the lease to April 18, 1982. In May, 1981, Texaco assigned its interest under the lease to plaintiff-respondent, Stochl and Company, Inc. The assignment became effective June 1, 1981.

The dispute between the parties focuses on a provision in the lease giving the lessee an option to purchase at a fixed price at the end of the base period or any renewal period, and a right of first refusal in the event the lessor received an offer to buy the premises during the existence of the lease. The provision in question states:

> Lessor hereby grants to lessee the exclusive right at lessee's option to purchase the demised premises ... (a) for the sum of $74,000.00 at the end of the base period of the lease or any renewal option ... it being understood that if any part of said premises be condemned, the amount of damages awarded or accepted by lessor as a result thereof shall be deducted from said sum (b) on the same terms and at the same price as any bona fide offer for said premises received by lessor and which offer lessor desires to accept.

In 1979, the State of Missouri condemned a portion of the Wielands' property and, in 1980, issued a check in the amount of $51,250.00 to the Wielands and Texaco. Texaco subsequently endorsed the check over to the Wielands and received none of the proceeds. In settlement of the condemnation proceedings, the Wielands ultimately received $45,300. Texaco assigned its interest under the lease, effective June 1, 1981, to respondent, Stochl & Company, Inc., and duly notified the Wielands.

On June 2, 1981, Stochl notified the Wielands that it was exercising its option to purchase the property in accordance with the terms of the lease and requested that Wielands furnish the documentation necessary to "bring this sale to a conclusion." Wielands, believing that the exercise of the option was premature, took no action. Several weeks later, Wielands received a bona fide offer from a third party to purchase the property for $125,000, and notified Stochl that they proposed to accept the offer on July 27, 1981. Wielands contend on this appeal that their notification of the offer to Stochl triggered Stochl's right of first refusal under the lease. Stochl did not attempt to meet the offer, but rather filed suit for specific performance and a lis

pendens on July 10 and July 14, respectively, effectively blocking the sale to the third party.

In their first point, Wielands argue that the trial court erred in refusing to hold that the fixed price option could be exercised only at the expiration of the term set out in the lease, and then only prior to their notification to Stochl that a bona fide offer had been received which the Wielands wished to accept. Since the renewed lease would not expire until April 18, 1982, Wielands contend that Stochl's notice of June 2, 1981, concerning its exercise of the fixed price option was premature and therefore a nullity.

■ When the lease was negotiated between the Wielands and Texaco, the printed lease form was changed by the parties so as to provide that the fixed price option could be exercised "at the end" of the initial term or a renewal term, rather than "at any time" during the existence of the lease. Wielands claim that this clearly demonstrates the intent of the parties was that the option could only be exercised "at or after the expiration of the renewal period." We find such interpretation of the lease untenable: before the lease expired (midnight, April 18, 1982), according to the Wielands, the option could not be exercised; but after the lease expired, the offer of the lessors to sell, implicit in the option, was extinguished. Far more compatible with a common-sense explanation of the substitution of the phrase "at the end" for the phrase "at any time" is that given by Texaco's real estate agent who negotiated the base lease. He testified that the purpose of the change was "to secure the owner of a firm ten-year period rental," rather than force a sale prior to the end of the original or renewal term.

■ Accordingly, in its conclusions of law, the trial court held, inter alia, that, "Plaintiff's written notice to defendants on June 2, 1981, constituted an exercise of the fixed price option, thus creating a bilateral contract for the sale of the property at the end of the renewal period." In support of this conclusion, the trial court aptly cited

*Gulf Oil Corporation v. Ferguson,* 509 S.W.2d 1 (Mo.1974) which holds that a bilateral contract for the conveyance of real property may arise out of the exercise of an option such as the one involved here and may be enforced by suit for specific performance. See also *Russell v. Carter,* 568 S.W.2d 576 (Mo.App.1978) and *Wilson v. Edwards,* 560 S.W.2d 608, 612 (Mo.App. 1978). Since the bilateral contract which was created by the exercise of the option preceded receipt by Wielands of the bona fide offer from the third party and since the lease specifically provides that each of the options to purchase "shall be pre-emptive" of the other, the fact of the third party's subsequent offer is of no consequence to the disposition of this case.

The trial court correctly declared and applied the law, and we rule the point against appellants Wieland.

■ In their second point, appellants contend that Stochl's suit for specific performance was premature because it was filed prior to the time performance was due, i.e., April 19, 1982. This, according to the appellants, deprived the trial court of jurisdiction. We find no merit in the point. Aside from the fact that the case was tried and adjudicated well after the time for conveyance had passed, it is clear that Wielands repudiated the fixed price option: they had taken no action to deliver an abstract or other evidence of title to Stochl as required by the lease upon notification of exercise of the fixed price option; and they were prepared to sell to the third party prior to Stochl's filing of this suit. Such repudiation gave rise to an immediate right to a suit in equity for specific performance. *C. & J. Delivery, Inc. v. Vinyard & Lee & Partners, Inc.,* 647 S.W.2d 564, 569 (Mo.App.1983); *Herzog v. Ross,* 358 Mo. 177, 213 S.W.2d 921, 925 (Mo. banc 1948). See Schoshinski, American Law of Landlord and Tenant, p. 631–632, § 9:13 (1980). Indeed, had Stochl not brought suit prior to the sale to the third party, it may have been barred from seeking specific performance and limited to a cause of action

for damages against Wielands. *C. & J. Delivery, Inc.*, supra; *Schoshinski*, supra.

■ Appellants' final point is that the trial court erred in allowing an offset of the amount realized by appellants from the condemnation proceedings against the purchase price recited in the option. This argument is based entirely on the wording of Texaco's endorsement of the check which the State of Missouri had made payable to both Texaco and appellants. The endorsement is as follows: "Endorsement is for the sole purpose of releasing any interest Texaco, Inc. may have in the proceeds hereof. All terms of the lease remain the same." In their brief, appellants assert that the language demonstrates a clear intent on Texaco's part to "waive any right it had to the amount of award awarded by the condemnation proceeding" and that this waiver carries over to Stochl as assignee of the lease. We do not agree that the endorsement had any such effect. To waive interest in a specific negotiable instrument in favor of a co-payee is not, under the facts of this case, the same as waiving the benefit of its effect, i.e., the reduction of the amount of the fixed price option. This conclusion is supported by the second sentence of the endorsement, "All terms of lease remain the same." We reject appellants' claim that it would be inequitable to "hold the lessors accountable for these monies ..." On the contrary, it would be inequitable for a court to countenance double payment to appellants for the taking.

As set out above, the fixed price option stating the amount of $74,000 provided, "if any part of said premises be condemned, the amount of damages awarded or accepted by lessor as a result thereof shall be deducted from said sum ..." Wielands accepted $45,300. The trial court properly allowed that amount as an offset against the $74,000 price and ordered that the property be conveyed to Stochl upon its tender of $28,700 to appellants.

The decree of the trial court is, in all respects, affirmed.

SIMON, P.J., and STEWART, J., concur.